THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

OCT 17 1968

JUDICIAL PANEL FOR
MULTIDISTRICT LITIGATION
PER
PROVISIONAL CLERK

|  | DOCKET NO. 2 |
| IN RE MULTIDISTRICT PRIVATE CIVIL TREBLE DAMAGE | DOCKET NO. 4 |
| LITIGATION INVOLVING LIBRARY EDITIONS OF CHILDREN'S | DOCKET NO. 5 |
| BOOKS | DOCKET NO. 6 |
|  | DOCKET NO. 7 |

OPINION AND ORDER TRANSFERRING CIVIL ACTIONS
UNDER SECTION 1407, TITLE 28, UNITED STATES CODE,
TO THE NORTHERN DISTRICT OF ILLINOIS

———————

BEFORE ALFRED P. MURRAH AND JOHN MINOR WISDOM, CIRCUIT JUDGES, AND EDWARD
WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND
STANLEY A. WEIGEL, DISTRICT JUDGES

———————

JOHN MINOR WISDOM, CIRCUIT JUDGE

        Pending in eight United States district courts are twenty-one private

antitrust treble damage suits filed by certain states, counties, and cities

against major publishers and wholesalers of library editions of children's

books.  See Schedule A.  August 8, 1968, the Judicial Panel on Multidistrict

Litigation heard Motions to Transfer these cases to a single district court

(the Southern District of New York or the Northern District of California or

the Northern District of Illinois) for pretrial proceedings under 28 U.S.C.

§1407.  We hold that the coordination and consolidation of the pretrial pro-

ceedings in all of these cases and the transfer to the Northern district of

Illinois, Eastern Division (Chicago), of the cases not pending in that

district will best serve the convenience of the parties and witnesses, and

best promote the just and efficient conduct of the litigation.

I.

The California plaintiffs oppose any transfer on the ground that the policy contained in Section 1407 will not be effectuated by a transfer.  They point out that the law establishes only two standards:  (1) the "convenience of parties and witnesses" and (2) the promotion of "the just and efficient conduct of such actions".  They argue, therefore, that the convenience of counsel, the accessibility of the proposed transferee district, and the location of a defendant's principal place of  business are not recognized in Section 1407 as standards in determining whether a transfer should be made.  Affirmatively, they contend that plaintiffs of limited means should not be compelled to travel to a distant forum, especially in this type of litigation, since "Congress has expressed its belief that private antitrust litigation is one of the surest weapons for effective enforcement of the antitrust laws". Minnesota Mining and Manufacturing Co. v. New Jersey Wood Finishing Co., 1965, 381 U.S. 311, 318, 85 S.Ct. 1473, 14 L.Ed.2d 405.

This is a worm's eye view of Section 1407.  Of course it is to the interest of each plaintiff to have all of the proceedings in his suit handled in his district.

- 2 -

But the Panel must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law.

Here we have complex multidistrict litigation involving a large number of parties in widely separated areas. The actions involve common questions of fact. The complaints are substantially similar. Indeed, all of the complaints rely, in large part, on the Government's allegations in eighteen civil antitrust actions against certain publishers, all defendants in the cases now being considered by the Panel.

All parties, except the defendant wholesalers, were on record before the Coordinating Committee for Multidistrict Litigation of the United States District Courts as favoring, in one form or another, a coordinated national discovery program. That Committee recommended a form of "National Pretrial Order No. 1" for entry in each of the cases, and the order has now been entered in five of the eight jurisdictions where the cases are pending. Congress adopted the transfer procedure authorized by Section 1407 for the specific purpose of superseding the voluntary procedures of the Coordinating Committee. As stated in House Report No. 1130, 90th Cong., 2d Sess., the bill was "drafted by the Coordinating

- 3 -

Committee" and "based on the experience of the Coordinating Committee
in supervising nationwide discovery proceedings in the electrical
equipment cases which flooded the Federal courts in the early 1960's".
U.S. Code Cong. & Adm. News, 90th Cong., 2d Sess., p. 1051 (No. 4,
June 5, 1968. "The objective of the legislation is to provide
centralized management under court supervision of pretrial proceedings
of multidistrict litigation to assure the 'just and efficient conduct'
of such actions.  The committee believes that the possibility for
conflict and duplication in discovery and other pretrial procedures
in related cases can be avoided or minimized by such centralized
management."  Id. at 1051.  "The basic purpose of assigning [multiple
litigation] to a single judge is to provide for uninterrupted judicial
supervision and careful, consistent planning and conduct of pretrial
and trial proceedings" that will eliminate or reduce conflict and
duplication of effort.  "Manual for Complex and Multidistrict
Litigation" (1968) p. 10.  This antitrust litigation comes well
within the basic purpose of Section 1407.


II.


To no one's surprise, each of three groups of
litigants advances plausible arguments for the consolidation

- 4 -

of the cases in the district most convenient to the
members of the group.  Here litigation    far from home
apparently presented no problem for such diversely located
plaintiffs as the State of Alaska, the City of Los Ange-
les, the City of Hastings, Minnesota and the City of
Tampa, Florida, all of which chose to intervene as plaintiffs
in the case pending in Philadelphia, and the cities of
Baltimore, Maryland and Richmond, Virginia, which chose
to bring their suits in San Francisco.

(1)   Sixteen of the publisher-defendants con-
tend that the appropriate transferee district is the
Southern District of New York.  They point out that New
York City is the heart of the publishing industry; that
their principal offices are in New York; that, therefore,
their general counsel, sales records, and personnel are
all available in the Southern District of New York.

(2)   The California plaintiffs object to trans-
ferring any of the cases.  If the cases are to be consolidated
in a single court, they contend that the transferee court
should be the District Court for the Northern District of
California, where 11 of the 21 cases are now pending. They
say that the calendars in the Southern District of New York
and the Northern District of Illinois are severely congested;

- 5 -

that expedient handling of this litigation will be served
by keeping it in the forum where West Coast counsel have
already been working together on an agreed course of pretrial
and discovery matters not covered by the national discovery
program.

(3)   The Panel recognizes the weight of the
arguments advanced by the various groups of litigants,
but holds that the jurisdiction best suited for coordination
and consolidation of the cases is the Northern District of
Illinois, Eastern Division (Chicago).  A number of reasons
support this conclusion.  The United States filed its seminal
antitrust actions in that district and of course, the grand
jury documents relating to the actions are in Chicago.
Many of the plaintiffs in the instant cases sought to inter-
vene in the Government's cases; many applied to the district
court for release of documents subpoenaed in connection with
the grand jury's investigation before the Government filed
suit.

The Coordinating Committee recognized that the
litigation's center of gravity was Chicago.  National Pre-

trial Order No. 1 provides for a centrally located docu-
mentary depository in Chicago.  Now pending in the Northern
District of Illinois are two cases involving all eighteen
publishers as defendants and almost all of the wholesalers
who are defendants in various of such cases.  State of
Illinois, et al v. Harper & Row Publishers, Inc., et al,
No. 67 C 1899; State of West Virginia, et al. v. Harper &
Row Publishers, Inc., et al., No. 67 C 1906.  Since the
filing of the transfer motion, additional wholesalers have
been made defendants in the two Chicago cases, and now all
but one of the wholesalers who have been sued in any of
the twenty-one cases  are defendants in one or both of the
Chicago cases.  In no other jurisdiction is there such a
concentration of wholesaler-defendants.  The statistical
evidence of congestion in the three proposed transferee
districts is not conclusive.  The statistics show, however,
that the time interval from issue to trial, for civil cases
in which a trial was completed during the fiscal year ended
June 30, 1967, was substantially less in the Northern District
of Illinois than in either the Southern District of New York
or the Northern District of California.  Annual Report of
the Director of the Administrative Office of the United States
Courts (1967).  In any event, delays caused by calendar con-

gestion may be avoided by the appointment of a judge for all purposes within the district or by the appointment of another judge from outside the district in accordance with Section 1407(b). Finally, we note that although air travel renders both California and New York readily accessible, there is still something to be said for the convenience of a geographically central forum in coast–to–coast litigation.

IT IS THEREFORE ORDERED that the Motion to Transfer to the Northern District of Illinois the antitrust actions against the defendants pending in districts other than the Northern District of Illinois be, and it is hereby, granted for the purpose of coordinating and consolidating pretrial proceedings in those cases with the similar actions pending in that district.  All other motions are denied.  It is further ORDERED that the antitrust actions, listed in Appendix A, pending in districts other than the Northern District of Illinois be, and they are hereby, trans- ferred under Section 1407 of Title 28, United States Code, to the Northern District of Illinois, and assigned to the Honorable Bernard M. Decker with the consent in writing of the transferee court.

FOR THE PANEL:

John Minor Wisdom

```
                              DOCKET NO. 2
                              DOCKET NO. 4
                              DOCKET NO. 5
                              DOCKET NO. 6
```

SCHEDULE A


NORTHERN DISTRICT OF ILLINOIS

1. State of Illinois, et al. v. Harper & Row
   Publishers, Inc., et al.          Civil Action No. 67 C 1899

2. State of West Virginia, et al. v. Harper
   & Row Publishers, Inc., et al.     Civil Action No. 67 C 1906


DISTRICT OF KANSAS

3. State, ex rel. Londerholm, et al. v.
   Harper & Row Publishers, Inc.,
   et al.                             Civil Action No. T-4370


DISTRICT OF MINNESOTA

4. City of St. Paul v. Harper & Row
   Publishers, Inc., et al.           Civil Action No. 3-68-124

5. State of Minnesota v. Harper & Row
   Publishers, Inc., et al.           Civil Action No. 3-68-156


WESTERN DISTRICT OF WISCONSIN

6. State of Wisconsin v. Harper & Row
   Publishers, Inc., et al.           Civil Action No. 67 C 157


NORTHERN DISTRICT OF CALIFORNIA

7. State of Washington v. Harper & Row
   Publishers, Inc., et al.           Civil Action No. 47716

8. State of Hawaii v. Harper & Row
   Publishers, Inc., et al.           Civil Action No. 47717

9. City and County of San Francisco,
   et al. v. Harper & Row Publishers,
   Inc., et al.                       Civil Action No. 47726

- 2 -

NORTHERN DISTRICT OF CALIFORNIA (CONTINUED)

10. City of San Diego v. Harper & Row
    Publishers, Inc., et al.                    Civil Action No. 47727

11. State of Oregon v. Harper & Row
    Publishers, Inc., et al.                    Civil Action No. 47838

12. The Mayor and City Council of Baltimore
    v. Harper & Row Publishers, Inc.,
    et al.                                      Civil Action No. 48199

13. City of Richmond, et al. v. Harper & Row
    Publishers, Inc., et al.                    Civil Action No. 48894

14. San Diego Unified School District v.
    Harper & Row Publishers, Inc., et al.       Civil Action No. 49290

15. County of San Diego v. Harper & Row
    Publishers, Inc., et al.                    Civil Action No. 49211

16. State of New Mexico, et al. v. Harper
    & Row Publishers, Inc., et al.              Civil Action No. 49357

17. Baltimore County, Maryland v. Harper
    & Row Publishers, Inc., et al.              Civil Action No. 49386


DISTRICT OF MASSACHUSETTS

18. City of Boston v. Harper & Row
    Publishers, Inc., et al.                    Civil Action No. 67-492-C

19. Commonwealth of Massachusetts, et al.
    v. Harper & Row Publishers, Inc.,
    et al.                                      Civil Action No.  67-764-C


SOUTHERN DISTRICT OF NEW YORK

20. City of New York, et al. v. Harper
    & Row Publishers, Inc., et al.              Civil Action No. 68-319


EASTERN DISTRICT OF PENNSYLVANIA

21. School District of Philadelphia, et al.
    v. Harper & Row Publishers, Inc.,
    et al.                                      Civil Action No. 40537